IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

XTRIA LLC,                          §
                                    §
              Plaintiff,            §
                                    § Civil Action No. 3:07-CV-0160-D
VS.                                 §
                                    §
TRACKING SYSTEMS, INC.,             §
                                    §
              Defendant.            §

MEMORANDUM OPINION
AND ORDER

     Defendant Tracking Systems, Inc. ("TSI") moves under Fed. R.
Civ. P. 12(b)(6) to dismiss this action for failure to state a
claim on which relief can be granted.  For the reasons that follow,
the court grants the motion, but it also grants plaintiff leave to
replead.

I

     Plaintiff Xtria LLC ("Xtria") sues TSI for breach of contract
and seeks a declaratory judgment arising from conduct by
International Insurance Alliance, Inc. ("IIAI"), a TSI affiliate,
that Xtria contends violates a Settlement Agreement and Release
("Release") between Xtria and TSI.  In 2000 Xtria and TSI entered
into an Asset Purchase Agreement for a data management system.[1]  In
2004 Xtria entered into a sales representative agreement ("Sales

_____

     [1]In deciding this motion, the court construes the complaint in
the light most favorable to Xtria, accepts as true all well-pleaded
factual allegations, and draws all reasonable inferences in Xtria's
favor.  *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th
Cir. 2004).  The court recounts the background facts under this
standard.

Agreement") with IIAI.   In 2006 Xtria and TSI entered into the Release.   In pertinent part, the Release released Xtria from all liabilities arising from any contracts or agreements between Xtria and TSI, and any TSI affiliate, and included a covenant not to sue on the same matters.

According to Xtria, under the terms of the Release, all of its obligations to IIAI under the Sales Agreement were released. Nevertheless, in December 2006 IIAI filed an arbitration demand against Xtria with the American Arbitration Association, alleging that Xtria had suffered damages relating to the Sales Agreement. Xtria asserted unsuccessfully that the arbitration demand should be dismissed in accordance with the terms of the Release.

Xtria then filed this diversity action, alleging that TSI breached the Release.   Xtria also seeks a judgment declaring the rights, status, and legal relations of Xtria and TSI under the Release and the impact of the Release on the Sales Agreement. Specifically, Xtria asks the court to declare, in accordance with the terms of the Release, that all of Xtria's obligations under the Sales Agreement are released and are null and void.   TSI moves to dismiss Xtria's action under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

II

"'[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 598 (1969)). "[D]ismissal of a claim on the basis of barebones pleadings is a 'precarious disposition with a high mortality rate.'" *Id.* (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (Rule 12(c) decision) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)). "In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id.* (citing *Doe*, 81 F.3d at 1401). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368

(5th Cir. 1996)).

### III

### A

TSI maintains that Xtria cannot recover for breach of contract because it has alleged no acts or omissions by TSI that violate the Release; the conduct complained of relates only to IIAI.  TSI contends that Xtria cannot obtain a declaratory judgment because it has failed to allege facts demonstrating an actual controversy. Xtria responds that it can recover for breach of contract against TSI because IIAI, an affiliate of TSI, filed an arbitration proceeding against Xtria arising from a contract between Xtria and IIAI (the Sales Agreement) that predated the Release, and this conduct violated the Release between Xtria and TSI.  Xtria argues that its declaratory judgment claim seeks relief to that effect, and damages.

### B

To establish a claim for breach of contract under Texas law, Xtria must prove (1) the existence of a valid contract, (2) Xtria performed or tendered performance of its duties under the contract, (3) TSI breached the contract, and (4) Xtria suffered damages as a result of the breach. *See, e.g., Lewis v. Bank of Am. N.A.*, 343 F. 3d 540, 544-45 (5th Cir. 2003) (Texas law).  TSI does not challenge Xtria's assertion that a valid contract exists and that Xtria tendered performance of its contractual duties.  TSI argues instead

- 4 -

that Xtria has failed to allege facts that satisfy the third and fourth elements of a breach of contract claim: that TSI breached the contract, and that Xtria suffered damages as a result of the breach.

According to Xtria's complaint, the Release between Xtria and TSI released Xtria from all liabilities arising from any contracts or agreements between Xtria and any TSI affiliate.  Xtria alleges that IIAI, a TSI affiliate, is pursuing an arbitration proceeding based on alleged damages arising from a contract that predated the Release.  But Xtria does not allege how *TSI* breached the Release based on *IIAI's* conduct.  At most, Xtria has pleaded facts that show that *IIAI* was precluded under the Release from initiating the arbitration proceeding, and that *IIAI*——who is not a party to this lawsuit——breached the Release.  Therefore, even assuming that TSI and IIAI are affiliates, this fact would only bring IIAI within the scope of the Release and subject it to a breach of contract claim, it would not of itself subject *TSI* to a breach of contract claim based on the conduct of *IIAI*.

Accordingly, although in an amended complaint Xtria may be able to allege a breach of contract claim against TSI, it has not yet pleaded a claim on which relief can be granted, and the first ground of TSI's motion is granted.

C

Xtria also seeks a declaratory judgment under the Texas Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-37.011 (Vernon 1997), and/or the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

The Texas Declaratory Judgments Act does not apply in this court. *See, e.g., Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) ("When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.))).[2]  Xtria's claim is necessarily brought under the federal Declaratory Judgment Act.

The Declaratory Judgment Act states: "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.  Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*,

---

[2]Although *Redwood Resort Properties* addresses a removed action, the principle applies equally to this case, which was filed initially in this court based on diversity of citizenship, rather than removed from state court on this basis.

947 F.2d 193, 194 (5th Cir. 1991).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  It gives federal courts the competence to declare rights, but it does not impose a duty to do so.  *See Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam).  Although "the district court's discretion is broad, it is not unfettered." *Travelers Ins. Co. v. La. Farm Bureau Fed'n*, Inc., 996 F.2d 774, 778 (5th Cir. 1993).  The court cannot dismiss a declaratory judgment action "'on the basis of whim or personal disinclination.'"  *Id.* (quoting *Rowan Cos. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989)).

In Xtria's declaratory judgment claim, it asks the court to declare the rights, status, and legal relations of Xtria and TSI under the Release and the impact of the Release on the Sales Agreement.  Although this suggests a claim that is broader than Xtria's breach of contract action, in Xtria's response to TSI's motion to dismiss, it states that it seeks a declaratory judgment to the same effect as its breach of contract claim: that it can recover for breach of contract against TSI because IIAI, an affiliate of TSI, filed the arbitration proceeding against Xtria arising from a contract between Xtria and IIAI (the Sales Agreement) that predated the Release.

This court has dismissed declaratory judgment actions where "[t]he core issues of th[e] controversy concern[ed] whether the parties entered into enforceable contracts and, if so, whether defendants breached the contracts." *Kougl v. Xspedius Mgmt. Co.*, 2005 WL 1421446 at *4 (N.D. Tex. June 1, 2005) (Fitzwater, J.). It reasoned that "[t]hese questions [would] be resolved in the context of breach of contract actions." *Id.* As now framed, and as explained in Xtria's response to TSI's motion to dismiss, Xtria's declaratory judgment action essentially duplicates its breach of contract claim. Xtria seeks a declaratory judgment to the same effect as its breach of contract action. *See* P. Resp. 1-2 ("Plaintiff seeks a declaratory judgment to that effect and damages as a result of the breach."). Therefore, without prejudice to Xtria's amending its complaint to allege a declaratory judgment action that would not be resolved in the context of its breach of contract claim, the court dismisses this claim under Rule 12(b)(6). *See, e.g., Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.*, 2002 WL 257573, at *10 (N.D. Tex. Feb. 19, 2002) (Fitzwater, J.) (dismissing declaratory judgment action that sought resolution of substantive claims that were already basis of lawsuit).[3]

---

[3]Because the court is permitting Xtria to replead, there is no procedural impediment to the court's raising this ground for dismissal *sua sponte*.

IV

In its response to TSI's motion, Xtria requests leave to amend, if the court is inclined to grant the motion. The court grants this request.

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc. Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (brackets omitted) (addressing Rule 12(b)(6) dismissal) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Accordingly, within 30 days of the date this memorandum opinion and order is filed, Xtria may file an amended complaint that states a claim on which relief can be granted.

*        *        *

For the reasons stated, the court grants TSI's February 20, 2007 motion to dismiss. Within 30 days of the date this memorandum

opinion and order is filed, Xtria may file an amended complaint that states a claim on which relief can be granted.

**SO ORDERED.**

June 21, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE