IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XTRIA LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | NO. 3:07-CV-0160-D |
| vs. | § | |
| | § | |
| TRACKING SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## MOTION TO STAY AND BRIEF IN SUPPORT

Defendant Tracking Systems, Inc. ("TSI" or "Defendant") files this Motion to Stay and Brief in Support, and respectfully shows the Court the following:

### I.   INTRODUCTION

TSI moves the Court to stay this action to allow a final resolution of a related arbitration proceeding, which is currently pending confirmation or vacatur in the 14th Judicial District Court in Dallas County, Texas.  Two issues from the arbitration directly bear upon this lawsuit.  The first involves Plaintiff Xtria LLC's ("Xtria" or "Plaintiff") affirmative defense of release in the arbitration, which is also its theory of liability against TSI in this case.  The second involves the damages that were assessed against Xtria in the arbitration, which, Xtria contends, should be the measure of damages assessed here against TSI.  The arbitrator's determination of both of these issues is preclusive, and will establish the outcome of this lawsuit.  Thus, if these actions are allowed to proceed concurrently in two different forums, there is a danger of inconsistent rulings and a waste of judicial and other resources.  For the reasons set forth herein, TSI seeks a stay of this action to allow the arbitration to proceed to a final judgment in the state court action.

## II.  FACTUAL BACKGROUND

This lawsuit was prompted by the filing of an independent arbitration proceeding by International Insurance Alliance, Inc. ("IIAI"), a non-party and stranger to this lawsuit, against Xtria, Plaintiff in this lawsuit.  In that action (the "IIAI Arbitration"), IIAI sought damages from Xtria resulting from Xtria's breach of a Sales Representative Agreement between Xtria and IIAI.  Xtria attempted to defend that action, in part, on grounds that IIAI had no right to assert its claims because the claims had been released in a separate and unrelated Settlement Agreement and Release between TSI and Xtria.  IIAI was not a party to the Settlement Agreement and Release.  TSI is not a party to the Sales Representative Agreement that forms the basis for the IIAI Arbitration.  Nevertheless, Xtria alleged that IIAI is an "affiliate" of TSI and that TSI had released all of its alleged affiliates' claims against Xtria in the Settlement Agreement and Release.

Xtria sought a stay of the IIAI Arbitration so that the "affiliate" issue could be determined in this lawsuit, which was filed a month after IIAI initiated the arbitration.  *See generally* Order on Xtria's Motion to Stay (filed in the arbitration on March 21, 2007) (the "Arbitration Order on Motion to Stay"), a true and correct copy of which is attached to the Appendix as Exhibit 1.A (APP. 003-005).  Xtria filed this case as a defensive strategy to the IIAI Arbitration, originally seeking a declaration from this Court of the rights of the parties with regard to the IIAI Arbitration.  *See id.*  The arbitrator carefully considered the issue and arguments, and denied the stay, holding that IIAI was not an "affiliate" of TSI for purposes of the completely unrelated Settlement Agreement and Release.  *Id.*  Upon motion and objection by Xtria, the arbitrator again addressed the issue in an Order on a Motion to Clarify.  *See* Order on Xtria's Motion to dismiss/stay and Xtria's Motion to Clarify the Arbitrator's Order of March 21, 2007 (filed in the arbitration on April 25, 2007) (the "Arbitration Reconsidered Order on Motion

to Stay"), a true and correct copy of which is attached to the Appendix as Exhibit 1.B (APP. 006). The IIAI Arbitration proceeded and the parties engaged in extensive discovery concerning this "affiliate" issue, including the taking of depositions. *See* Xtria's Motion for New Trial at ¶¶ 18 (filed in the state court action on April 10, 2008), a true and correct copy of which is attached to the Appendix as Exhibit 1.C (APP. 007-016).

On January 18, 2008, the arbitrator found in favor of IIAI on the ultimate issue of liability, and issued a judgment on the "affiliate" affirmative defense and the other issues in the case. The arbitrator awarded IIAI $1,350,000 in damages for Xtria's breach of the Sales Representative Agreement. *See* Arbitration Award (filed in the arbitration on January 18, 2008) and Modified Arbitration Award (filed in the arbitration on February 5, 2008), true and correct copies of which are attached to the Appendix as Exhibit 1.D (APP. 017-028). Xtria filed an action in the 14th Judicial District Court in Dallas County, Texas to vacate the award, which was denied and the award was confirmed on March 12, 2008. Xtria is now seeking reconsideration of this denial. *See* Xtria's Motion for New Trial (filed in the state court action on April 10, 2008) (APP. 007-016). Accordingly, while confirmed by the Dallas state court, the judgment is not yet final.

The instant lawsuit, which has been concurrently pending with the IIAI Arbitration and the action to vacate the award, now essentially constitutes Xtria's second attempt to avoid liability to IIAI. The Court dismissed Xtria's request for declaratory relief. Xtria, however, has been permitted to state claims against TSI for breach of contract, specific performance of the Settlement Agreement and Release, and injunctive relief. As in the IIAI Arbitration, Xtria alleges here that IIAI's filing of the independent arbitration proceeding violated the terms of the Settlement Agreement and Release between TSI and Xtria. Once again, Xtria contends that IIAI

is an "affiliate" of TSI and that, in addition to releasing all of its own claims against Xtria, TSI released all of its alleged affiliates' claims against Xtria in the Settlement Agreement and Release. Xtria claims that TSI had a duty to "cause the dismissal" of the IIAI Arbitration, but failed to do so. *See* Amended Complaint at ¶¶ 15-17. In connection with these allegations, Xtria seeks recovery of its attorneys' fees and costs incurred in defending the IIAI Arbitration, as well as any award it may ultimately have to pay IIAI upon final determination after the appeal.

Given the interrelated issues and posture of these two actions, it is clear that the IIAI Arbitration, and the results obtained therein, directly bear upon this lawsuit in two respects. First, Xtria already raised and fully litigated the "affiliate" issue in the IIAI Arbitration. This was Xtria's defense in the IIAI Arbitration, and it is its theory of liability against TSI in this case. The arbitrator's determination of that issue is preclusive in this lawsuit, and it may determine the outcome of this lawsuit as well, when it is confirmed. Second, the damages awarded in the IIAI Arbitration, if they are confirmed, will determine an essential component of the damages which Xtria contends should be awarded in this lawsuit. These issues have already been adjudicated by the arbitrator. The arbitrator has ruled. Xtria is dissatisfied with that ruling and seeks to have it vacated. Xtria has set in motion the process that supports the granting of a stay. A final resolution of this lawsuit cannot be had until the pending confirmation proceeding is resolved.

Accordingly, TSI moves the Court for a stay of this case, including discovery, pending entry of a final judgment in the state court action regarding the award in the IIAI Arbitration.

### III.   ARGUMENT AND AUTHORITIES

**A.   Legal standards**

1. <u>Inherent power to stay cases</u>

A federal district court has inherent power to stay a matter pending before it in deference to a related action pending in another forum in the interest of "wise judicial administration,

giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)); *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 14-15 (1983); *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 719-20 (1996) (in actions "at law" district courts may enter a stay order postponing adjudication). This power is derived from the court's command over its own docket and calendar. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).

2. <u>Stay of federal court action in favor of state court action</u>

In general, the circumstances permitting a stay of a federal lawsuit due to the presence of a concurrent state court action are limited; "Only under exceptional circumstances should the Court stay the federal action pending resolution of the concurrent state action." *Garber v. Sir Speedy, Inc.*, 930 F.Supp. 267, 270 (N.D. Tex. 1995) *aff'd* 91 F.3d 137 (5th Cir. 1996) (*citing Moses Cone*, 460 U.S. at 19). In assessing the appropriateness of a stay under these circumstances, a federal court may consider the following factors: 1) whether there is jurisdiction over any res or property; 2) the inconvenience of one forum over another; 3) the desirability of avoiding piece-meal litigation; 4) the order in which jurisdiction was obtained; 5) whether state or federal law will be applied; and 6) whether there is adequate protection available in state court. *Colorado River*, 424 U.S. at 818.

A court may also consider the absence of substantial progress in the federal case, *id.* at 820, whether there exist important federal policies which would be circumvented if a stay was not granted, *see id.* (granting stay to advance policies of McCarran Amendment at issue in the two cases), *Garber*, 930 F.Supp. at 271 (granting stay to effectuate policies underlying Arbitration Act), and whether issue preclusion or res judicata would apply. *See Prager v. El Paso National Bank*, 417 F.2d 1111, 1111 (5th Cir. 1969) (holding that stay of federal action was

<u>MOTION TO STAY AND BRIEF IN SUPPORT</u>                                                     Page 5

proper pending appeal of state court action that was res judicata in federal action); *Dresser v. Ohio Hempery, Inc.*, No. Civ. A. 98-2425, 2007 WL 23542, *9 (E.D. La. 2000) (stay is appropriate pending appeal of administrative decision which would have collateral estoppel effect in federal action); *see also Hogue v. Royse City*, 939 F.2d 1249, 1252-55 (5th Cir. 1991) (holding that state court judgment can have preclusive effect in federal action); *Alpert v. Riley*, No. H-04-CV-3774, 2007 WL 963982, *11-13 (S.D. Tex. March 29, 2007) (holding that issues determined in state court are preclusive in federal action).

No one factor is necessarily determinative. *Id.* The court may exercise its discretion after carefully balancing the factors as they apply in a given case. *Moses Cone*, 460 U.S. at 16. Ultimately, the court may issue a stay in the interest of justice and "economy of time and effort for itself, for counsel and for litigants." *Landis*, 299 U.S. at 254.

### 3. Stay of a federal case in favor of arbitration proceedings

This Motion technically involves a request for a stay pending the entry of final judgments in a state court action. However, as explained above, the state court action is a lawsuit to vacate an arbitration award which was granted in an arbitration proceeding filed prior to this federal action. Xtria was the defendant in the arbitration and it received an adverse ruling on January 18, 2008. For these reasons, the law on stays in the context of arbitration proceedings is also relevant.

In that context, stays of non-arbitrable claims are commonly granted pending the outcome of related arbitration proceedings. This can be true even when the litigation involves a non-arbitrating party. *See, e.g., Hill v. G E Power Systems, Inc.*, 282 F.3d 343, 347 (5th Cir. 2002) (affirming grant of stay in suit against nonsignatory to arbitration agreement where actions involved same operative facts and inseparable claims); *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964) (stay appropriate "where the pending

proceeding is an arbitration in which issues involved in the case may be determined"); *American Home Assurance Co. v. Vecco Concrete Const. Co.*, 629 F.2d 961, 964 (4th Cir. 1980) (stay is proper where "questions of fact common to all actions pending in the present matter are likely to be settled during the ... arbitration"); *Odell Assoc., Inc. v. Alton Ochsner Medical Foundation*, No. Civ.A. 01-964, 2002 WL 10465, *2-3 (E.D. La. Jan. 2, 2002) (stay is proper where decisions rendered by arbitrator could have a preclusive effect on litigation).

In this context, "considerations of judicial economy and avoidance of confusion and possible inconsistent results ... militate in favor of staying the entire action." *American Home*, 629 F.2d at 964; *see Moses Cone*, 460 U.S. at 21, n.23 (decision is within sound discretion of court).

The non-arbitrating party must show that common questions of fact will be settled during the arbitration, or that the arbitrator's decision will have a preclusive or dispositive effect on the litigation. *Hill*, 282 F.3d at 347; *Nederlandse*, 339 F.2d at 441; *Odell*, 2002 WL 10465 at *2-3; *Orange Chicken, LLC v. Nambe Mills, Inc.*, No. 00 Civ. 4730, 2000 WL 1858556, *8-9 (S.D. N.Y. Dec. 19, 2000).

**B.   A stay is warranted in this case pending final resolution of the related arbitration**

1.   <u>Exceptional circumstances exist</u>

In this Motion, TSI requests that the Court exercise its discretion and stay this case in favor of another action pending in state court. The circumstances stated herein are exceptional and warrant a stay.

With regard to the *Colorado River* factors, the first (concerning jurisdiction over a res) and second (concerning inconvenient forums) do not apply. The third factor, regarding piecemeal litigation, weighs in favor of a stay. As shown below, two key issues in the arbitration

will have preclusive effect here.  Further, there is a strong, well-established policy of giving effect to arbitration agreements.  In the state court action, the court will either confirm or vacate the arbitrator's award.  This is a final step to give effect to Xtria's and IIAI's arbitration agreement.  Thus, to avoid piecemeal litigation that may result in inconsistent rulings, thereby undermining the arbitrator's decision and IIAI and Xtria's agreement to settle their dispute by arbitration, a stay of this case is warranted pending the confirmation of the IIAI Arbitration.  *See Garber*, 930 F.Supp. at 271 (granting stay to effectuate policies underlying Arbitration Act); *Colorado River*, 424 U.S. at 819 (granting stay to advance policies of McCarran Amendment at issue in the two cases).

The fourth factor (concerning the order in which jurisdiction was obtained), the fifth (whether state or federal law will be applied) and the sixth (whether there is adequate protection available in state court), together weigh in favor of a stay.  While the state court action was filed subsequent to this federal action, the arbitration was filed first.  Further, there has not been a substantial amount of progress in this case.  The parties have only submitted motions and briefs related to TSI's Motions to Dismiss and very little discovery has occurred to date.  On the other hand, the state court action is almost complete.  The arbitration has already been conducted and the award was issued on January 18, 2008.  The state court confirmed the award on March 12, 2008, and, on April 10, 2008, Xtria filed a Motion for New Trial.  In addition, there are no important federal law concerns at issue; state law will apply to the parties' disputes.  And the state court can certainly provide adequate protection for Xtria.

    2. <u>The arbitrator's decisions on the "affiliate" and damages issues will be preclusive and determinative in this case.</u>

In addition to the *Colorado River* factors, the fact that the "affiliate" and damages issues will be preclusive and determinative in this case weighs in favor of a stay.  *Prager*, 417 F.2d at

**MOTION TO STAY AND BRIEF IN SUPPORT**    Page 8

1111; *Dresser*, 2007 WL 23542 at *9; *Hill*, 282 F.3d at 347; *Nederlandse*, 339 F.2d at 441; *Odell*, 2002 WL 10465 at *2-3; *Orange Chicken,* 2000 WL 1858556 at *8-9.

Issue preclusion or collateral estoppel exists where "a right, question or fact [is] distinctly put in issue and directly determined as a ground of recovery by a court of competent jurisdiction ... if the party had reasonable notice and an opportunity to be heard against the claim." *Universal American Barge Corp. v. J-Chem., Inc.*, 946 F.2d 1131, 1136 (5th Cir. 1991) (*quoting Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 338 (5th Cir. 1982)). Under such circumstances, the party is estopped from re-litigating the issue in a subsequent action. *Id.* When the issue is determined not by a "court of competent jurisdiction" but by an arbitrator, the preclusive effect of the arbitrator's findings is a matter within the broad discretion of the court. *Id.* at 1137.

A non-party to the first action or arbitration may invoke collateral estoppel in a subsequent action. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326-32 (1979); *Universal*, 946 F.2d at 1136; *Roehrs v. Conesys, Inc.*, No. 3:05-CV-829-M, 2007 WL 2125654 at *3-4 (N.D. Tex. July 25, 2007). In order to do so, the following elements must be met: (1) the issue under consideration must be identical to the issue previously litigated, (2) the issue must have been fully and vigorously litigated in the primary proceeding, (3) the previous determination of the issue must have been necessary for the judgment in that proceeding, and (4) no special circumstances must exist that would render preclusion inappropriate or unfair. *Universal*, 946 F.2d at 1136 (*citing Parklane Hosiery,* 439 U.S. at 326-32).

In this case, the issue of whether IIAI is an "affiliate" under the terms of the Settlement Agreement and Release and the issue of damages from the IIAI Arbitration will be preclusive. The two issues are identical in both proceedings. Xtria is a party to both proceedings and

previously and fully litigated the two issues in the IIAI Arbitration.[1] *See generally* Xtria's Motion for New Trial (APP. 007-016). The arbitrator's determination of the "affiliate" issue was necessary to the judgment in that proceeding because it formed the basis for IIAI's ability to go forward with the proceeding. It was fully and vigorously litigated. *See* Arbitration Order on Motion to Stay (APP. 005); Arbitration Reconsidered Order on Motion to Stay (APP. 006); Arbitration Award (APP. 020-21); Modified Arbitration Award (APP. 026-27). So, too, was the arbitrator's determination of damages necessary to the judgment. Finally, no special circumstances exist such that the Court should refrain from giving the issue preclusive effect. These issues have collateral estoppel effect here. *See Parklane Hosiery,* 439 U.S. at 326-32; *Universal*, 946 F.2d at 1136-38; *Roehrs*, 2007 WL 2125654 at *3-4.

Moreover, the "affiliate" issue, should the arbitration award be confirmed by final order, will be dispositive in this case. Plaintiff's only theory of liability against TSI rests on its claim that IIAI is an "affiliate" of TSI under the Settlement Agreement and Release. If the arbitrator's decision is confirmed, Plaintiff will have no grounds on which to base its case. Thus, judicial economy and the avoidance of inconsistent results will best be served by staying this action.

### IV.    CONCLUSION AND PRAYER

Based on the foregoing, a discretionary stay is warranted in this action. TSI does not request this stay for purposes of delay but so that justice may be had.

WHEREFORE, PREMISES CONSIDERED, TSI respectfully requests that the Court exercise its discretion and, in the interest of justice and economy of time and effort and to avoid inconsistencies, grant its Motion to Stay.

---

[1] Even if it is determined that Xtria did not fully and vigorously litigate the "affiliate" issue in the arbitration, equities dictate that that issue should still have preclusive effect. Xtria should not be allowed to refrain from addressing that issue, which was properly arbitrable and before the arbitrator, in order to have this Court address it. That would present an example of forum shopping and an inappropriate attempt to avoid the effects of an arbitration agreement.

Dated: April 28, 2008

Respectfully submitted,

/s/ Thomas A. Connop
Thomas A. Connop
Texas State Bar No. 04702500
Elizabeth K. Duffy
Texas State Bar No. 24050535
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214)740-8000
Facsimile: (214)740-8800
tconnop@lockelord.com
eduffy@lockelord.com

**ATTORNEYS FOR DEFENDANT TRACKING SYSTEMS, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned counsel for TSI conferred with counsel for Xtria regarding the relief requested herein, and counsel for Xtria is opposed.

/s/ Thomas A. Connop

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on this the 28th day of April, 2008 on the following counsel of record, via certified mail, return receipt requested:

Gary E. Smith
Graham, Bright & Smith, P.C.
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, Texas 75240

/s/ Thomas A. Connop