```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

XTRIA LLC,                        §
                                  §
              Plaintiff,          §
                                  § Civil Action No. 3:07-CV-0160-D
VS.                               §
                                  §
TRACKING SYSTEMS, INC.,           §
                                  §
              Defendant.          §
```

MEMORANDUM OPINION
AND ORDER

Following a bench trial and the Fifth Circuit's decision reversing and remanding this court's judgment in favor of defendant Tracking Systems, Inc. ("TSI"), TSI moves to amend its answer to plead the affirmative defense of release and to assert a counterclaim for breach of contract. Plaintiff Xtria LLC ("Xtria") opposes the motion. For the reasons that follow, the court grants the motion to the extent TSI seeks leave to plead the affirmative defense of release, and it denies the motion to the extent TSI requests leave to assert a counterclaim for breach of contract.

I

The background facts and procedural history of this case are set out in this court's prior memorandum opinions and orders and need not be repeated at length. *See, e.g., Xtria LLC v. Tracking Sys., Inc.*, 2008 WL 4692855, at *1 (N.D. Tex. Oct. 23, 2008) (Fitzwater, C.J.) ("*Xtria II*"), *rev'd and remanded*, 345 Fed. Appx. 940, 943 (5th Cir. 2009). Xtria sues TSI for breach of contract arising from conduct by International Insurance Alliance, Inc.

("IIAI") that Xtria contends violated a Settlement Agreement and Release ("Settlement Agreement") between Xtria and TSI. In deciding TSI's motion to dismiss, the court held that the Settlement Agreement was ambiguous concerning TSI's material obligations regarding the conduct of IIAI. *See Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 2719884, at *4 (N.D. Tex. Sept. 18, 2007) (Fitzwater, C.J.) ("*Xtria I*"). The case then proceeded to a bench trial. During the trial, the court granted TSI's request for a trial amendment to add the affirmative defense of release. The court entered judgment in favor of TSI, finding that Xtria failed to carry its burden to establish that TSI breached the Settlement Agreement; the court did not reach the merits of TSI's affirmative defense. *See Xtria II*, 2008 WL 4692855 at *1 n.2 ("Because the court finds in TSI's favor on this basis, it need not consider the affirmative defense of release that TSI raised by trial amendment.").

Xtria appealed, and the Fifth Circuit reversed and remanded. It held that the Settlement Agreement was not ambiguous, as this court had concluded, and that Xtria's interpretation of the unambiguous agreement was correct. *See Xtria LLC v. Tracking Sys. Inc.*, 345 Fed. Appx. 940, 943-44 (5th Cir. 2009) ("*Xtria III*"). In its mandate, the Fifth Circuit directed this court on remand to conduct further proceedings in accordance with the Fifth Circuit's opinion. That opinion provides that this court must conduct

"further proceedings on the issues of breach and damages." *Id.* at 944.

After the mandate was docketed in this court, the court directed the parties to advise the court of the proceedings that should be conducted on remand and of a proposed schedule, advise the court concerning the status of settlement and the advisability of referring the case to mediation, and include any other matters that a party believed would assist in bringing this case to a prompt resolution.  Before the parties filed the status report, Xtria filed a second motion for summary judgment.  Because the motion deadline had expired before the case was tried and the court intended to consider the joint status report before imposing a new motion deadline, and because Xtria had not sought leave to file more than one motion for summary judgment, the court advised TSI by order that it need not respond to the motion.  After the parties submitted their joint status report (in which TSI mentioned its intent⸺opposed by Xtria⸺to amend to assert the affirmative defense and counterclaim now at issue), TSI filed the instant motion for leave to file an amended answer to plaintiff's amended complaint and to assert a counterclaim for breach of contract. Xtria opposes the motion.

II

Motions for leave to amend are typically governed by Fed. R. Civ. P. 15(a)(2) or, if the time to seek leave to amend has expired, by Rule 16(b)(4) (to determine whether there is good cause to modify the scheduling order) and then by Rule 15(a)(2). In this case, however, the mandate rule also applies. The mandate rule requires this court on remand to implement both the letter and spirit of the Fifth Circuit's mandate, and it precludes the court from disregarding the explicit directives of the Fifth Circuit. *See United States v. Becerra*, 155 F.3d 740, 753 (5th Cir. 1998), *abrogated on other grounds as recognized in United States v. Farias*, 481 F.3d 289, 291-92 (5th Cir. 2007). "The mandate rule simply embodies the proposition that a district court is not free to deviate from the appellate court's mandate." *Id.* (internal quotation marks and citations omitted). Thus this court can only permit TSI to amend its answer to the extent consistent with the Fifth Circuit's mandate.

III

The court first considers TSI's request to add the affirmative defense of release. The mandate requires this court to conduct further proceedings in accordance with the circuit court's opinion. The opinion, in turn, directs this court to conduct proceedings on "the issues of breach [of the Settlement Agreement] and damages." *Xtria III*, 345 Fed. Appx. at 944. To conduct further proceedings

on the issue of breach of the Settlement Agreement, the court must address the merits of Xtria's breach of contract claim.  To properly resolve that claim on the merits, the court must consider both Xtria's breach of contract claim and TSI's corresponding defenses that existed at the time of the appeal.  This includes TSI's release defense, which the court allowed by trial amendment (although it did not reach the defense in rendering its trial ruling).

Xtria maintains that the release defense, raised at trial and in both parties' appellate briefs, has already been litigated and implicitly rejected.  The court disagrees.  That the Fifth Circuit did not address the defense in its opinion does not mean that it resolved the issue (or resolved it adversely to TSI).  To reverse and remand this court's bench-trial ruling, it was only necessary for the Fifth Circuit to hold that the Settlement Agreement was unambiguous and that Xtria had correctly interpreted how the agreement regulated TSI's responsibility for IIAI's conduct.  Nothing in the Fifth Circuit opinion indicates that the panel also disposed of TSI's affirmative defense of release.  "A mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal." *Newwball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986) (allowing district court to address issues not addressed by appellate court).  Because TSI's

request to add the affirmative defense of release is not precluded by the mandate rule, and since the court allowed TSI to assert the defense by trial amendment during trial, the court grants TSI leave to amend its answer to plead this defense.

Xtria also maintains that adding the affirmative defense is futile. "'If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper.'" *Moore v. Dallas Indep. Sch. Dist.*, 557 F.Supp.2d 755, 759 (N.D. Tex. 2008) (Fitzwater, C.J.) (emphasis in original) (citing 6 Charles Alan Wright, et al., *Federal Practice and Procedure*, § 1487, at 637 (2d ed. 1990)), *aff'd*, 2010 WL 1141540 (5th Cir. Mar. 12, 2010). Xtria argues that a Texas court has rejected the theory that plaintiffs cannot sue to enforce a settlement agreement's covenant not to sue. *See McMahan v. Greenwood*, 108 S.W.3d 467, 485 (Tex. App. 2003, pet. denied) (noting release could not preclude claim for breach of release itself, but finding claim waived on other grounds). But the proposition Xtria cites in *McMahan* is dicta, and Xtria provides no further argument regarding the futility of the defense. The court holds that Xtria has failed to demonstrate that TSI's affirmative defense of release is clearly futile.

The court therefore grants TSI leave to amend its answer to add the affirmative defense of release.

IV

The court considers next whether to allow TSI to amend to assert a counterclaim for breach of contract. For the following reasons, it declines to allow TSI to do so.

First, as noted, the mandate rule limits the scope of the proceedings in this court. The Fifth Circuit's opinion directs that the court on remand conduct "further proceedings on the issues of breach and damages." *Xtria III*, 345 Fed. Appx. at 944. Adding a new counterclaim would exceed the scope of the mandate because the issue of TSI's breach of the Settlement Agreement does not require (or involve) a determination of whether Xtria breached the Settlement Agreement.

Second, TSI's request to plead a counterclaim for the first time after the adjudication of substantive motions, the conclusion of the trial, and the appeal following trial comes too late. TSI asserts that Xtria breached the Settlement Agreement by filing this lawsuit in January 2007, more than three years ago. The court recognizes that TSI maintains that the merits of this counterclaim were dependent on Xtria's interpretation of the Settlement Agreement—i.e., if it is assumed that Xtria's interpretation (which this court rejected in *Xtria II*) is correct, then Xtria also breached the contract by its own conduct in filing suit. But TSI could have asserted this counterclaim at a much earlier stage in the litigation rather than waiting until after the adjudication of

- 7 -

substantive motions, a trial, and an appeal.  And if TSI did not think the counterclaim had relevance due to its own view of the merits, it could have pleaded the counterclaim in the alternative, and well before the post-appeal stage of the case.

The court therefore declines to grant TSI leave to amend its answer to add a counterclaim for breach of contract.

\*    \*    \*

Accordingly, TSI's January 19, 2010 motion for leave to file amended answer to plaintiff's amended complaint and to assert counterclaim for breach of contract is granted in part and denied in part.  TSI must file its amended answer within 14 calendar days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

April 16, 2010.

                                          _____
                                          SIDNEY A. FITZWATER
                                          CHIEF JUDGE